UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

Case # 07 CV 2413 (ADS/AKT)

IN THE MATTER OF:                          )
                                           )
JUNIPER ENTERTAINMENT, INC.                )
and JUNIPER SERVICES, INC.,                )
                                           )
         PLANTIFFS,                        )          DEFENDANT'S OBJECTIONS TO
                                           )          REPORT AND RECOMMEDATION
MICHAEL CALDERHEAD and                     )
JAMES CALDERHEAD,                          )
                                           )
         DEFENDANTS.            )

Defendant, Michael Calderhead respectfully submits the following objections to the Court's Report and Recommendation in the above captioned matter.

    I.   Objection to Recommendation of an award of punitive damages against Michael Calderhead

    The Court recommends that punitive damages are warranted against Defendant Michael Calderhead ("Calderhead") based upon his alleged breach of the fiduciary duty he owed to New Wave and, thus, the Court proposes that the amount of damages be $225,000.00.  The Defendant respectfully asks the Court to withdraw this recommendation based upon the following facts surmised throughout the duration of this matter.

    a.   Calderhead's actions did not rise to a level of egregiousness generally accepted by other Courts in this jurisdiction as warranting punitive damages.

Page 1
        Defendant Michael Calderhead. *pro se*

1    Although the Court may interpret Calderhead's actions as a breach of his fiduciary duty owed to his

2    employer, Calderhead's actions were brought about by Plaintiff's lack of management and poor business

3    decisions and not by a manipulative or malicious scheme carried out by Calderhead.  The measures taken by

4    Calderhead to right the ship before his departure from New Wave are well documented in this matter and

5    adequately show the lack of malicious intent to either deprive, or improperly compete with New Wave.

6    Further, the Court references *Pure Power Bootcamp*, a case where the court awarded punitive damages

7    against disloyal employees in the amount of $150,000 dollars. In *Pure Power*, the actions of the employees

8    were egregious.  The Defendants used stolen materials from the Plaintiff, disparaged the Plaintiff to

9    potential clients, sent communications to the Plaintiff's clients, and stole the unique business concept

10   developed by the Plaintiff.  In that case, it was reasonable for the court to use its discretion as the fact finder

11   to fashion an award where it was difficult to determine an appropriate amount in damages.  In this case,

12   Calderhead's actions do not come close to the egregious conduct of the employees in *Pure Power*.

13   Calderhead did not use stolen materials from New Wave, he did not steal New Wave's unique business

14   concepts or disparage Plaintiff's name after his departure.  For these reasons, Calderhead submits to the

15   Court that any award of punitive damages is not appropriate and should not be used as a tool to find for the

16   Plaintiffs where they never produced documentation to support their demands for other forms of damages.

17       b.  The Plaintiffs were given the opportunity to submit a proposed figure for punitive damages and they

18           failed to do so.

19   First, the Court indicates that the Plaintiffs, even after being directed to do so by the Court's July 22,

20   2011 Order, DE 114, failed to specify the amount of punitive damages they were seeking.  When given the

21   opportunity to present a figure to the Court, Plaintiffs apparently did not think it important enough to

22   respond.  This Court, even with its discretion to fashion an amount, should not reward the Plaintiffs where

23   they disregarded the Court and snubbed their nose at an opportunity to submit a proposed figure.  It is unjust

24   for the Court to impute an amount as an award in favor of the Plaintiffs when the Plaintiffs and their legal

25   counsel failed to follow the orders of this Court.

26       c.  The amount of punitive damages proposed is an unjust figure and is an amount that Calderhead

27           never received as part of the sale of New Wave.

28   Apart from Calderhead's position that any award would serve as an unjust reward to the Plaintiffs where

29   they failed to present evidence to the Court regarding their positions on damages, the Court's calculation of

30   $225,000.00 in punitive damages is grossly overestimated. If the Court finds this to be an appropriate figure

31   in a final Order, it will only serve as an injustice to Calderhead and will certainly not reflect an award based

32   upon a comprehensive and reasonable calculation.

Page 2

Defendant Michael Calderhead. *pro se*

The Court is correct in its statement that Juniper paid $225,000.00 dollars cash in addition to a stock exchange for the purchase of New Wave. In particular, the Stock Exchange Agreement provided Calderhead with series B preferred stock which requires conversion to common stock in order to be sold and traded on the open market. The terms of conversion for series B preferred stock are set out in the "Resolution Establishing Rights and Preferences for Series B Convertible Preferred Stock" ("Resolution"). Throughout these proceedings, Calderhead has sought in accordance with the Resolution to convert his series B preferred stock to common stock in order to continue to be able to provide for his family and his other obligations for the long duration of this matter.

As the President of Juniper, Mr. Vlado Hreljanovic ("Hreljanovic") has repeatedly refused to allow the stock to be converted. Calderhead first wrote to Hreljanovic on June 16, 2008 requesting to convert his stock in accordance with the procedures required pursuant to the Resolution. Hreljanovic responded on June 18, 2008 with a denial of the request asserting that "it is Juniper's position that you have forfeited your right to convert the preferred shares previously provided to you. As such, we will not be honoring your request." Hreljanovic continues to punish Calderhead for these legal proceedings in complete disregard of the Resolution which does not provide any such grounds that would cause any of the parties subject to the Stock Exchange Agreement or Resolution to "forfeit" their interest. Calderhead has suffered extensively because of Hreljanovic's unilateral decision on behalf of Juniper to hold Calderhead's stock hostage. This Court should not reward Hreljanovic with an award of punitive damages for illegally and unethically withholding his consent to the conversion of Calderhead's stock which was payment for the sale of his company. Because Calderhead has continued to be denied any value from this portion of the sale, the large figure recommended to the Court does not take into account Hreljanovic's failure to provide Calderhead the benefit of the sale of New Wave as provided for in the Stock Exchange Agreement and the Resolution.

Lastly, after Calderhead and the other sellers were forced to spend $25,000 of the purchase price on an independent audit that was required by Juniper, Calderhead's net take away at the time of the sale was only $66,000. The Court is reminded that Calderhead split the remaining $200,000 with Donald Johnson and William Norris, the President and Vice-president of New Wave. To award an amount which is almost quadruple what Calderhead took home at the time of the sale of the Company to Juniper is not an appropriate award and punishes Calderhead for funds exchanged during the sale that he did not benefit from.

II. Conclusion

For these reasons, both legal and factual, Calderhead respectfully asks the Court to repeal its recommendation that an award of punitive damages be awarded to Plaintiffs in the amount of $225,000.

Defendant Michael Calderhead. *pro se*

The Plaintiffs' inaction to propose accurate damages should not be rewarded when the evidence shows no actions by Calderhead that are sufficiently egregious to warrant any finding in the first place.  Calderhead submits to this Court that no punitive damages should be awarded in this matter.

Dated: March 1, 2012

Michael Calderhead, Defendant, *Pro Se*
5050 Overcrest Drive
Kannapolis, N.C. 28081-8836

TO: LERNER, ARNOLD & WINSTON, LLP
      Johnathan C. Lerner
      Attorney for Plaintiffs
      292 Madison Avenue, 22nd Floor
      New York, New York 10017

Page 4

Defendant Michael Calderhead. *pro se*